McKinney, J.,
delivered the opinion of the Court.
The questions for our determination in this cause, arise upon the following clause of the last Will and testament of Benjamin .Taliaferro, who died in Bedford County, in 1824, viz:
“I deposit in the hands of my executors fifty-four and three quarter acres of land, whereon my daughter, Elizabeth Porter, now lives, who are directed to let her, the said Elizabeth, remain on said land, if she thinks proper so to do, rent free, until her youngest child comes of age; at which time, I wish said land sold on a credit of twelvemonths, and the proceeds thereof equally divided between *566 the heirs of my said daughter, Elizabeth Porter. But if she should not choose to continue thereon, my executors, as aforesaid, are directed to put the same to rent, until her youngest child, as aforesaid, becomes of age; then to be sold and divided as above stated.”
Elizabeth Porter, above named, was a married woman at the date of the before mentioned 'Will — wife of Eeece Porter — and she and her husband are still living. They had several children, who are' the complainants in the present bill, the two youngest of whom had not quite attained full age at the time of filing the bill.
The bill seeks relief against John Taliaferro, the executor, and others, in respect to various matters, on the ground of neglect, and violation of his trust, on the part of the executor; but the decree of the Chancellor has been acquiesced in, except that part of it which adjudicates the rights of the complainants under the foregoing clause of the Will.
It appears, that, shortly after the testator’s death, Elizabeth Porter, and her husband and family, removed to West Tennessee, and thence to Texas; and on the 5th of September, 1828, Porter and wife joined in the absolute sale and conveyance of said tract of land to John and Spencer Eakin; and after several intermediate sales, it was sold and conveyed to the defendant, Greer*, on the 18th of February, 1853. The proof shows, that the land has been adversely held and claimed by Greer, and those under whom he derives title, since the sale by Porter and wife, in 1828 — the executor having wholly disregarded his trust in this respect.
This bill was filed in March, 1859, after an adverse possession of thirty years, from the conveyance by Porter and wife.
*567 The bill seeks to stay the commission of waste upon the land, by defendant, Greer, until the youngest of the complainants shall arrive at age; and that the land shall then be sold, and the proceeds divided, as directed by the Will. The complainants also set up a claim to the rents of the land, against defendant, Greer, and the other previous, occupants.
The Chancellor denied the complainants’ demand for rent; being of opinion, that, in virtue of the conveyance by Porter and wife, and the several intermediate conveyances, down to the defendant, the latter had an estate in said land, defeasible on the' coming of age of the youngest child of Elizabeth Porter; at which time, the complainants would be entitled to be let into the possession thereof, and to have the same sold under the Will.
Eor the defendant, Greer, it is insisted, that the decree, in this respect, is erroneous; upon the assumption, that his title had ripened into a perfect, indefeasible title, by operation of the Statute of limitations.
This defense presents a question, by no means free of difficulty. If — as assumed by the decree — the effect of the Will was to create an estate in Elizabeth Porter, until her youngest child should arrive at full age, then it is clear that the Statute of limitations could have no application — as against the complainants — the youngest child not having yet attained its age; and, consequently, their right to demand possession, or a sale of the land, has not yet accrued. In this view, the doctrine of the case of McCorry vs. King, 8 Humph., — , would sustain the decree. But, it is .argued, that, under the Will, no estate or title was vested in Elizabeth Porter; and we think the argument is correct. It seems to us, that she was vested *568 with nothing more than the mere usufruct, or right of enjoying the possession and profits, so long as the minority of her youngest child lasted, if she thought proper to do so. This was obviously the extent of her right; for, by the express terms of the Will, if she declined to occupy the land, it was made the duty of the executor to rent it out, until the youngest child should come of age. Nor, upon her electing not to occupy the land, could she set up any claim to the rents; the Will makes no such provision, nor does it contemplate any such thing. True, the rents of the land, in that event, are not specifically disposed of; but it is clear that they would go into the residuum of the estate, and pass under the residuary clause of the Will.
It is asked: If the estate did not vest in Elizabeth Porter, until the majority of her youngest child, where did it go? We answer: First, that it did not go to the executor, as trustee — as has been suggested.
The words, “I deposit in the hands of my executors,” the tract of land, &c., import nothing more than a mere right of superintendence and control — subject to the directions of the Will — till the majority of the youngest child of Elizabeth Porter. No estate in the .land vested in the executors. True, the land was to be sold when the youngest child should come of age; and, by implication, the power of sale, in such case, would devolve upon the executor: 1 Sneed, 318, 320; 8 Hump., 563; 1 Sug., on Powers, 134. But, if one by Will deviseth that his executors shall sell his lands, the executors have neither right nor title, but only a bare authority: Co. Lit., 265, b—a naked power without an interest: I Yer., 18, 21.
We answer, in the next place, that, on the death of the *569 testator, the title to the land in question descended to Ms heirs at law, in trust for the complainants, who, when all should come of age, might elect to take the land, dispensing with the sale, or have it sold as provided by the Will.
The argument is altogether- fallacious, however, that, upon this hypothesis, the right of the complainants is barred, because, as is alleged, the Statute has barred the action of the trustees: the heirs at law of the testator, in whom the legal title was vested, and who, it is assumed, were all free from disability (with the exception of- Elizabeth Porter) at the date of the sale by Porter and wife in 1828.
This is a mistaken conclusion, based upon a misapplication of the principle of the case of Williams vs. Otey, 8 Hump., 563. That was a case in relation to slaves. The legal title was in the trustees by an express conveyance ; the technical, conventional relation of trustee and cestui que trust, existed. The beneficiaries had a present right of actual possession and enjoyment; and the trustees had not only the power, but it was their imperative duty, by the terms of the trust, to protect the trust property.
But, in the present case, the heirs at law, of the testator were trustees for the complainants, merely by construction, upon the fact, of the' dry legal title having, by operation of law, been cast upon them, to the land in controversy. And while it is true, that they might have sued, upon the wrongful alienation by Porter a.nd wife, yet they were not bound to do so; the law imposed no active duty or obligation upon them; they were simply the depository of the naked legal title: no trust whatever *570 was actually delegated to, or devolved upon them; and, consequently, they were subject to no duty, or responsibility, in the events that happened, in respect to the land.
And, furthermore, the complainants had no 'present interest to be affected by the wrongful sale by Porter and wife, and the omission of the trustees to sue. Their interest was future, upon the happening of the contingency provided in the Will.
The Statute of limitations could no more operate in such a case, than in the case of a remainder-man, where the tenant for life had stood passively by for more than seven years, and suffered his life-estate to be barred. In the latter case, it is conceded that the rights of the remainder-man would not be affected by the bar interposed in favor of the possessor, against the tenant for life. The remainder-man, in such a case, can remain passive, because the Statute cannot attach or begin to operate against' him. until his right of possession or enjoyment shall have accrued.
The executor, in the present case, might have sued, in equity; and it was a culpable neglect of duty not to have done so, immediately upon the abandonment of the possession and sale of the land by Porter and wife. True, the executor had no title, as we have seen; but he had a power to lease the land, and it was his express duty to have done so, whenever Mrs. Porter ceased to occupy it. In virtue of this power, he might have come into a Court of Equity, inasmuch as the wrongful sale by Porter and wife interposed an obstacle to the execution of his power of leasing the land. And the Court, no doubt, upon the executor’s bill, might have declared *571 the conveyance by Porter and wife a nullity, and put the executor, or bis tenant, in possession, to bold until the youngest child of Mrs. Porter should be of age. But still, as the executor was not clothed with the title to the land, the case of Williams and Otey, has no application.
Wherever the legal title to the land may be regarded as having vested, in the interval between the death of the testator, and the coming of age of Mrs. Porter’s youngest child, it is clear, upon the proper construction of the Will, that the complainants could have asserted no right of possession, or claim to the proceeds of the land, until the youngest child was of full age. Under the Will, the complainants have no color of right to the rents, in the meantime, as was assumed in the argument. The extent of their right is, to succeed to the land, or the proceeds of the sale thereof, upon the happening of the event stated in the Will — the majority of the youngest child of Mrs. Porter ; then, their right of action to recover the land or proceeds, first accrues; and this is still in the future. It is clear, therefore, that the Statute of limitation does not apply to the case.
Decree affirmed, with costs.